JOHN B. HADAWAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12717.   Promulgated October 12, 1928.

*F. O. Graves, Esq.,* and *H. W. Kenway, Esq.,* for the petitioner.
*Brice Toole, Esq.,* and *Philip A. Carroll, Esq.,* for the respondent.

OPINION.

MILLIKEN : The Board has held in the cases of *Harry B. Hooper*, 8 B. T. A. 397, and *F. H. Wilson*, 12 B. T. A. 403, that, where orchards and vineyards are attacked by disease and are destroyed to prevent further spread thereof, the cost of bringing them to productivity was a capital expenditure and the loss occasioned by the disease and destruction was deductible for income-tax purposes. It was further held in the former case that the deduction allowable should be

reduced by depreciation of original cost during the period of actual production calculated according to the expected useful life.

We see no difference in legal effect between destruction by disease and destruction to prevent spread of disease, and destruction by natural causes such as overflows as in the instant case. In either event, if the result is to destroy the property and prevent its use for the purpose intended, it is a loss. In the instant case there was never any productivity of any consequence, although some cranberries of little value were gathered from time to time. Shortly after the bog reached the producing stage in 1916, the water trouble began and the bog gradually declined until in 1921 the vines completely disappeared and it was a complete loss and was abandoned. Petitioner made frequent efforts to rectify the condition and did not discontinue same or abandon the bog as worthless until 1921.

The sum of $2,000 claimed should be allowed as a deduction from petitioner's income for 1921. We have found as a fact that the cost of preparing and planting the 4-acre tract was $2,231.12. However, petitioner only claims a loss of $2,000 and counsel in brief filed only claims a loss of $2,000. We therefore limit the deduction to the loss as claimed.

We have not been furnished with the terms of the agreement between petitioner and his manager, Loring, relative to the interest or equity Loring was to have, but whatever it was, it was dependent on his payment of his share of the expense. As Loring paid nothing and petitioner advanced and paid the entire sum of $2,231.12, he is entitled to the deduction as claimed.

*Judgment will be entered under Rule 50.*